UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FRANKLIN FRYE,**

    **Plaintiff,**

    **v.**

                                            Civil Action 2:14-cv-526
                                            Judge Gregory L. Frost
                                            Magistrate Judge Elizabeth P. Deavers

**THE COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act. (ECF No. 24.) The Commissioner of Social Security did not file a Memorandum in Opposition. For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED IN PART AND DENIED IN PART**. It is further **RECOMMENDED** that the Court **AWARD** Plaintiff attorney's fees in the amount of **$3,264.63**.

### I.

Plaintiff filed this action on June 4, 2014, seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). On November 2, 2014, Plaintiff filed his Statement of Errors, asserting that the Administrative Law Judge ("ALJ") had erroneously failed to abide by the law-of-the-case doctrine in failing to call a medical expert to testify pursuant to the Appeals Council's remand order. (ECF No. 12.) Thereafter, the parties jointly moved for remand, which the Court granted. (ECF Nos. 21 and 22.) On March 30, 2014, Plaintiff filed the

instant Motion seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 24.) The Commissioner did not file a memorandum in opposition.

On July 13, 2015, the Court Ordered Plaintiff to submit additional, appropriate evidence within fourteen days to support the increased statutory hourly rate that attorney Matthew J. Shupe requested. (ECF No. 25.) The Court reasoned as follows:

> In the instant case, the Court finds that Plaintiff has failed to produce satisfactory evidence that Attorney Matthew Shupe's requested hourly rate of $183.75 is in line with the rates of lawyers with two-to-three years of experience performing Social Security work in the Cleveland area in similarly small-sized firms. Notably, neither the office manager's nor Mr. Shupe's affidavit reflect Mr. Shupe's normal hourly rate. The affidavit of Louise Mosher, an experienced Cleveland attorney practicing in the area of social security, falls short because Ms. Mosher is not an appropriate comparator given her forty-one years of experience. Moreover, although Ms. Mosher attests to Ms. Balin's knowledge, skill, and experience—which is similar to that of Ms. Mosher's—she does not mention Mr. Shupe. The report from the Ohio State Bar Association titled *The Economics of Law Practice in Ohio, Desktop Reference for 2010*, likewise falls short because it reflects that the billing rates for associates in similar-sized firms with similar experience are substantially less than Mr. Shupe seeks. (*See* ECF No. 24-1 at PAGEID 139, 141.)

(July 13, 2015 Order, ECF No. 25 at PAGEID 219.)

The Court advised Plaintiff that "[s]hould Plaintiff fail to timely provide the requested evidence, the Court will allow the increased rate for Ms. Balin, but apply the statutory rate of $125 per hour for the hours Mr. Schupe expended." (*Id.*)

Plaintiff failed to timely supplement his Motion with the requested evidence.

## II.

The EAJA provides as follows:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having

2

>jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, a party will generally be entitled to attorney's fees under the EAJA when he or she is the prevailing party and the government's position was not substantially justified. *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (outlining requirements under the EAJA). The Commissioner "bears the burden of demonstrating that its position was substantially justified." *Pickering v. Mukasey*, 306 F. App'x. 246, 247 (6th Cir. 2009).

The EAJA limits recovery of attorney's fees to $125 per hour unless the court concludes that the circumstances justify a higher rate:

>The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). In analyzing the EAJA, the Sixth Circuit has emphasized that the "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Hum. Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Furthermore, "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Accordingly, the Sixth Circuit has held that "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In determining the appropriate rate, the Court may allow for a cost of living adjustment to

justify an award in excess of $125 per hour.  *See Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).  The determination of whether a cost of living increase justifies a fee in excess of the $125 rate is left to the Court's discretion.  *Id.*  It is not sufficient, however, that a party submit only the Department of Labor's Consumer Price Index and argue that inflation justifies an increase in fees.  *Bryant*, 578 F.3d at 450.

### III.

Plaintiff seeks an award of attorney's fees in the amount of $4,704.01 for 25.5 hours that his counsel worked on this case before this Court, which calculates to an hourly rate of $183.75.  (ECF Nos. 24-2 through 24-7.)  Thus, Plaintiff seeks an upward departure from the $125 cap.  Plaintiff maintains the upward departure is warranted in light of cost-of-living increases; the prevailing hourly rates for attorneys in Cleveland, Ohio; the normal rates attorneys at Plaintiff's counsel's firm charge; and the rates that comparable disability attorneys in Northern Ohio charge.

The Undersigned concludes that Plaintiff has produced satisfactory evidence that attorney Paulette F. Balin's requested rate comports with prevailing rates in the community.  *Bryant*, 578 F.3d at 450.  Plaintiff has provided affidavits from attorney Balin, Louise Mosher, and Sabrina Veal.  Ms. Balin's affidavit reflects that she has represented Social Security claimants for more than thirty-five years.  (ECF No. 24-2.)  Ms. Veal's affidavit reflects that she serves as a case manager for Ms. Balin's firm and that Ms. Balin's typical billing rate is $350 per hour.  (ECF No. 24-3.)  Ms. Mosher's affidavit reflects that she is an experienced Cleveland attorney practicing in the area of Social Security and that her hourly billing rate is $350 per hour.  (ECF No. 24-4.)  Finally, Plaintiff has also submitted several price indicies reflecting an increase in the

cost of living (ECF Nos 24-8, 24-9, and 24-10), as well as an independent study supporting his requested increased rate for Ms. Balin (ECF No. 24-1).  The Undersigned finds that the foregoing evidence sufficiently supports Ms. Balin's requested rate increase.  Accordingly, it is **RECOMMENDED** that the Court award Ms. Balin's fees at the increased rate of $183.75 she seeks.

For the reasons set forth in the Court's July 13, 2015 Order and incorporated here by reference, the Undersigned finds that Plaintiff failed to produce satisfactory evidence that attorney Matthew Shupe's requested hourly rate of $183.75 is in line with the rates of lawyers with two-to-three years of experience performing Social Security work in the Cleveland area in similarly small-sized firms.  Accordingly, it is **RECOMMENDED** that the Court award Mr. Shupe's fees but apply the statutory rate of $125 per hour for the hours he expended.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for an Award of Attorney's Fees (ECF No. 24) be **GRANTED IN PART AND DENIED IN PART** and that the Court award **$202.13** for the **1.1 hours** attorney Balin expended (1.1 hours x $183.75) and **$3,062.50** for the **24.5 hours** (24.5 hours x $125) attorney Shupe expended for a total attorney's fees award under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of **$3,264.63**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:   August 24, 2015                              /s/ *Elizabeth A. Preston Deavers*
                                                     Elizabeth A. Preston Deavers
                                                     United States Magistrate Judge